## NATHANIEL BUCKMASTER, plaintiff in error *v*. WILLIAM GRUNDY, defendant in error.

*Error to Johnson.*

Upon the overruling of a demurrer to a declaration, if the defendant reply, he thereby waives his demurrer.

A demurrer to a plea, extends back to the declaration, and brings both under review before the court.

In an action of covenant for a failure to convey lands, it is not necessary to aver or prove a consideration.

A seal imports a consideration.

*Semble*, That a want of consideration may be pleaded to an action upon a bond for the conveyance of lands.

In an action of covenant for failing to convey lands agreeably to contract, the value of the lands at the time they were to have been conveyed, is the true measure of damages.

Whatever may be the practice in England, the purchaser here is not bound to prepare and tender a deed to the vendor, unless such obligation can be fairly inferred from the terms of the contract.

In cases of independent covenants, a plea of readiness to perform, without averring an offer of performance, is bad, and furnishes no excuse for the non-performance.

THIS was an action of *covenant* commenced in the Gallatin Circuit Court, by Grundy against Buckmaster, upon the following bond:

" Know all men by these presents, that I, Nathaniel Buckmaster, of the county of Madison and State of Illinois, am held and firmly bound unto William Grundy, of the county and State aforesaid, in the penal sum of four thousand two hundred and sixty-six dollars, good and lawful money of the United States, for the true and faithful payment of which, I bind myself, my heirs and executors and administrators, as witness my hand and seal this ninth day of January, 1819.

The condition of the above bond is such that if the above bound Nathaniel Buckmaster shall make a general warranty deed in fee simple, to one undivided third part of two hundred and sixty-seven acres and ninety-seven hundredths of an acre, with the ferry thereunto belonging, lying on the East bank of the Mississippi, opposite the mouth of the Missouri, or just above it, being the tract or parcel of land the said Buckmaster purchased of Thomas Carlin, to William Grundy, by the first day of September next, then the above obligation to be void; otherwise to remain in full force and virtue in law, as witness my hand and seal this ninth day of January, 1819.

(Signed)     N. BUCKMASTER.     [L.S.]"

Witness present, }
ISAAC C. DOUGLASS. }

Buckmaster *v.* Grundy.

There was a change of venue taken to the Johnson Circuit Court, where the cause was tried at the October term, 1830, before the Hon. Thomas C. Browne and a jury, and a verdict and judgment rendered for the defendant in error for $3,562.

The following statement of the points and authorities relied on by the counsel for the plaintiff in error, was furnished to the Court:

" The defendant below demurred to the plaintiff's declaration, 1st, Because it contained no averment that the plaintiff ever tendered a deed to be executed by defendant. (See 2d Saund. P. and E. 901 ; Sugden 222.) 2d, Because it contained no averment that the plaintiff had paid defendant any thing for the land, for the title to which the bond was given, and consequently, no damages could accrue to the plaintiff; and the said bond contains no acknowledgment of money paid ; *and in fact none was paid:* But the Court overruled the demurrer, and this is the first error assigned.

The 2d assignment of error questions the propriety of the Circuit Court's sustaining the plaintiff's demurrer to the defendant's second plea, which plea alleges that the defendant always has been and still is ready to make the deed in the said declaration mentioned.

The 3d assignment of error is founded on the supposition that, if all the facts set out in the plaintiff's declaration be true, yet it was error to render judgment for more than nominal damages, because the only true *measure of damages* in such a case, is, the amount of the purchase money and the interest; and as no money, or anything else is averred to have been paid, and as the *bond* does not admit the receipt of any, it was error to admit proof that any was paid; and without such proof, no judgment could legally have been entered up for the plaintiff : and the 4th assignment of error avers the fact that nothing ever was paid for the said land, but that a bond was given for the payment to Carlin, and the same has never been paid, &c.

We refer to 2 Peters 102; 2 Saund. P. and E. 901 ; Sugden 229; 1 Saund. P. and E. 136; 8 Term R. 130; Buller's N. P. 6–7; 1 Saund. Rep. 58. C."

James Semple and D. Prickett, for the plaintiff in error.

H. Eddy, for the defendant in error.

Wilson, Chief Justice, delivered the opinion of the Court:

This is an action of *covenant* brought upon a bond executed by Buckmaster to Grundy, for the conveyance of land, in the penal sum of $4,266, with a condition that Buckmaster should make to Grundy a warranty deed to a specified tract of land, by

the first day of September, 1819. From the record of the proceedings in the Court below, it appears that the defendant interposed a demurrer to the plaintiff's declaration, which was overruled. He then pleaded two pleas, the first of which was a plea of covenants performed; the second plea merely alleged a readiness to perform his part of the covenants in his bond, but did not aver an offer to perform them at any time or place. To this plea the plaintiff demurred, and the demurrer was sustained by the Court. The parties then went to trial upon the issue taken on the defendant's first plea of covenants performed, and a verdict and judgment were rendered against the defendant for $3,562.

From this decision the defendant appealed, and assigns for error, 1st, The opinion of the Court overruling the demurrer to the plaintiff's declaration. 2d, The opinion of the Court sustaining the plaintiff's demurrer to the defendant's second plea; and, 3d, The rendition of judgment upon the verdict of the jury.

Owing to the earnest and somewhat confident manner with which the counsel urged the sufficiency of the errors assigned, more care has been taken in their investigation, than from the familiarity and frequent application of the principles upon which they depend, they would otherwise have been entitled to. The first and second assignment of errors may be considered together; for the defendant may be regarded as having abandoned his demurrer to the plaintiff's declaration, by pleading over, after the declaration had been sustained by the Court; yet as the plaintiff's demurrer to the defendant's second plea, extends to the declaration, and brings that as well as the plea under review,— and as a defect in the declaration will entitle the defendant to judgment, it will be proper to notice that first. One of the objections to the sufficiency of the declaration, is, that it does not aver that the plaintiff tendered a deed to be executed. The next is, that it contains no averment that the plaintiff had paid any consideration for the land, and consequently he was entitled to no damages for a failure to convey. Neither of these objections are well taken. The declaration is in the usual form in an action of covenant, and by setting out the bond upon which suit is brought, sufficient is shown to entitle the plaintiff to his action. No statement of consideration is necessary, as the seal itself imports a consideration. Under the statute it is true that the want of consideration may be put in issue by a plea to that effect; but this method of denial of the consideration upon which the contract in this case was entered into, has not been adopted by the defendant, and no other mode will avail him. It is also argued that the exact sum actually paid, must not only be averred, but proved; and that the sum so paid and interest, constitute the measure of damages to be assessed by the jury. Though this may be the rule in an action upon a warranty to recover back

the consideration in case of eviction, it is not the rule in an action of covenant for a breach in failing to convey according to the terms of the contract. In such case the value of the land at the time it is to be conveyed (as established by evidence), is the true measure of damages. As no exception was taken to the verdict in the Court below, we must presume that the damages given were warranted by the evidence.

The next objection to the declaration is, that it does not aver that the plaintiff prepared and tendered to the defendant a deed for him to execute.

The nature of the averments in a declaration, depend upon the character of the covenants contained in the deed upon which suit is brought. Where they are dependent, it is essential that the plaintiff should aver performance, or an offer to perform the agreement on his part; but where they are independent, performance on the part of the plaintiff need not to be averred. In this case the covenant of the defendant is necessarily independent, as the deed contains but one, and that is, that the defendant, Buckmaster, will make a general warranty deed to the plaintiff by a day named. No act is to be performed by the plaintiff; the undertaking of the defendant is absolute and unconditional, and expressed in language so clear and unambiguous, as to admit of but one inference as to what was the intention of the parties. To require one party to do that which he has not engaged to do, but which the other has, would be confounding all notions of justice and legal obligation. It was therefore unnecessary for the plaintiff to aver a tender of a deed. For the same reason that the declaration is considered good, the defendant's second plea must be adjudged bad. His covenant is unconditional and affirmative, that he will, by a day specified, make to the plaintiff a deed, &c. A plea, then, merely alleging a readiness to perform, furnishes no excuse for a non-performance, when unconnected with any apology for the omission. If by a subsequent agreement between the parties, the time of performance had been extended, or if by the act of the plaintiff himself, he had put it out of the power of the defendant to perform his covenant, as if he had remained beyond the limits of the State until the expiration of the time fixed for the performance of the contract; either of these facts properly pleaded, would have afforded an excuse to the defendant. But as no such excuse is contained in the plea, the Court very properly adjudged it bad.(1)

With regard to the obligation of the vendee to prepare the deed according to the English authorities referred to, it is to be observed that those decisions were made with reference to the parties under a system of conveyancing which has grown up there, and is well understood; but no such system exists here, and par-

(1) 3 Cranch 176.

ties to a contract for the conveyance of land cannot therefore be supposed to have reference to it, as regulating the duty of each, with respect to the preparation of the title papers. Whatever, then, may be the practice in England, the purchaser here is not bound to prepare and tender a deed to the vendor, unless such obligation can be fairly inferred from the terms of the contract.(1)

The third and last error assigned is, the rendition of judgment by the Court upon the verdict of the jury. This assignment is without the color of authority to support it. The action in this case was covenant, and on the defendant's plea of covenants performed, the plaintiff took issue. Upon the trial the jury found the defendant guilty, and assessed the plaintiff's damages to $3,562; for which sum the Court rendered judgment. The record shows no application to the Court to set aside the verdict, and grant a new trial, nor does there appear to be any motion in arrest of judgment. Upon what principle, then, the authority of the Court to render judgment upon this verdict can be contested, I am at a loss to perceive. The issue grows out of the character of the pleadings, and involves the plaintiff's right to recover; and the verdict being responsive to the issue, the judgment of the Court followed as a necessary consequence.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

*Note.* See Tyler *v.* Young *et al.,* 2 Scam.
A demurrer by either party, has the effect of laying open to the Court, not only the pleading demurred to, but the entire record for judgment upon it as to the matter of the law; and if two or more of the pleadings be had in substance, the Court will give judgment against the party who committed the fault. Phœbe *v.* Jay, Breese 207. See, also, Beers *v.* Phelps, Breese 19; Peck *v.* Boggess, *Ante* 281.

To a declaration on a contract to convey a lot of land by deed, if $125 was paid at a certain time, a plea that no demand was made for the deed, and that the defendant was always ready and willing to execute it, and that he offered to make the deed according to his covenant, and the plaintiff objected and said, when he wished the deed he would apply for it, is *good.* Baker *v.* Whitside, Breese 132.